UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRED PETERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00515-RLY-DLP |
| ) | |
| DUSHAN ZATECKY Warden, ) | |
| ) | |
| Respondent. ) | |

**Order Granting Respondent's Unopposed Motion to Dismiss
and Directing Entry of Final Judgment**

The petitioner, an inmate in the Indiana Department of Correction (IDOC), filed a petition for a writ of habeas corpus challenging prison disciplinary proceeding ISR-19-06-0161. The respondent filed his motion to dismiss arguing that the challenged disciplinary proceeding and the sanctions resulting therefrom were vacated prior to this action being commenced, and therefore this Court has no jurisdiction because there is no disciplinary conviction. Dkt. 12. The petitioner sought and was granted additional time to respond to the motion to dismiss but never filed a response. Dkt. 15 (granting extension to July 2, 2020, to file response). For the reasons set forth below, the respondent's unopposed motion to dismiss, dkt. [12], is **granted** and this action is **dismissed** for lack of jurisdiction.

The petitioner was found guilty of possession of intoxicants in IDOC disciplinary case ISR 19-06-0161. Dkt. 12-5. The disciplinary hearing report indicates that the petitioner "refused [the] hearing." *Id.* His sanctions included the loss of 90 days of earned credit time and a demotion in credit earning class. He filed the instant petition for a writ of habeas corpus on February 14, 2020, dkt. 1, almost three months after his disciplinary conviction and sanctions had been vacated, dkt. 12-13. Because the petitioner indicated on the face of the petition that his sanctions included

the loss of earned credit time, the respondent was ordered to file a return demonstrating why the petition should not be granted. Dkt. 9. The motion to dismiss is that return. *Id.*

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

In the petitioner's case, although he initially received sanctions that affected the duration of his sentence, the case was vacated and the sanctions removed before he filed his petition. The respondent's unrefuted evidence demonstrates that at the time the petitioner he filed his petition, this Court did not have jurisdiction to grant relief. 28 U.S.C. § 2254(a). Accordingly, the respondent's unopposed motion to dismiss, dkt. [12], is **granted**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: _____10/08/2020_____

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

2

Distribution:

Fred Peters
26498
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, In 46064

David A. Arthur
Indiana Attorney General
David.Arthur@atg.in.gov